1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                      EASTERN DISTRICT OF CALIFORNIA

10

ROBERT MAESHACK,                          1:06-cv-01025-AWI-SMS (PC)

11                                         /
                  Plaintiff,               /

12                                         /   ORDER DISMISSING AMENDED
        v.                                 /   COMPLAINT WITH LEAVE TO AMEND

13                                         /
SCHWARZENEGGER, et al.,                    /   (Doc. 7)

14                                         /
                  Defendants.              /

15  _____       /

16

17  **I.      SCREENING ORDER**

18          Robert Maeshack ("Plaintiff") is a state prisoner proceeding pro se in this civil rights

19  action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his original complaint in this matter on

20  August 7, 2006.  On September 13, 2006, the Court granted Plaintiff's motion to consolidate this

21  case and 1:06-cv-00065-AWI-SMS and directed Plaintiff to file an amended complaint

22  incorporating all claims.  Plaintiff filed his first amended complaint on September 21, 2006.

23          **A.      Screening Requirement**

24          The Court is required to screen complaints brought by prisoners seeking relief against a

25  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

26  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

27  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

28  that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

                                              1

1    § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

2    paid, the court shall dismiss the case at any time if the court determines that . . . the action or

3    appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

4    1915(e)(2)(B)(ii).

5         A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

6    which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in

7    support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

8    467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

9    Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

10   complaint under this standard, the court must accept as true the allegations of the complaint in

11   question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

12   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

13   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

14        **B.        Summary of Plaintiff's Complaint**

15        Plaintiff is a state prisoner and is currently being housed at Sierra Conservation Center

16   ("SCC") in Jamestown, California.  The acts he complains of occurred at Avenal State Prison

17   ("ASP") and SCC.

18        Plaintiff names the following defendants: Governor Arnold Schwarzenegger; Acting ASP

19   Warden, Brad Espinosa; Chief ASP Medical Officer R. Davis; ASP Medical Techincal Assistant

20   ("MTA") Harbison; Lieutenant Smith; ASP Appeals Coordinator Grazier; SCC Warden Matthew

21   C. Kramer; Chief SCC Medical Officer's St. Clair and Greenough; SCC Dr. McIntyre; SCC Dr.

22   Sweetland; and Does 1 through 11.

23        In his first claim, Plaintiff alleges that: on April 24, 2004, at approximately 2:30 a.m.,

24   while housed in ASP's Ad-Seg, he was bitten by a rat; he caught two mice in his cell and gave it

25   to Lt. Smith, who was to submit them for disease testing; Lt. Smith refused to allow Plaintiff to

26   submit for medical treatment regarding the rat bite, until Plaintiff filled out a medical request

27   form; and after 12:00 p.m., Nurse Smoyer (not a named defendant) gave Plaintiff a tetanus shot.

28        In his second claim, Plaintiff alleges that he filed prisoner grievances regarding the

1    incident, and alleges they were not timely processed.

2        In his third claim, Plaintiff alleges that: on April 23, 2005, he was bitten by a mouse/rat

3    while in Ad-Seg; over the course of being transferred and seeking medical attention, his

4    symptoms changed such that he experienced back pain and noticed swelling of his tongue, feet

5    and hands; and while at SCC, he was evaluated by several doctors who refused to refer him to an

6    off-site specialist.

7        Plaintiff seeks declaratory, monetary, and injunctive relief.

8    **C.    Pleading Requirements**

9        **1.  *Federal Rule of Civil Procedure 8(a)***

10        "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

11   exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534

12   U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a

13   short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R.

14   Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the

15   plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  A court

16   may dismiss a complaint only if it is clear that no relief could be granted under any set of facts

17   that could be proved consistent with the allegations.  Id. at 514.  "'The issue is not whether a

18   plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support

19   the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and

20   unlikely but that is not the test.'"  Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting

21   Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171

22   (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . .

23   .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal

24   pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490

25   U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply

26   essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin.,

27   122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.

28   1982)).

### 2. *Federal Rule of Civil Procedure 18*

"The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff is advised that if he chooses to file a second amended complaint, and fails to comply with Rule 18(a), the Court will count all frivolous/noncognizable unrelated claims that are dismissed therein as strikes such that he may be barred from filing in forma pauperis in the future.

### 3. *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named

4

1   defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's

2   federal rights.

3       Plaintiff fails to link Governor Arnold Schwarzenegger; Acting ASP Warden, Brad

4   Espinosa; Chief ASP Medical Officer R. Davis; SCC Warden Matthew C. Kramer; Chief SCC

5   Medical Officer's St. Clair and Greenough; SCC Dr. McIntyre; and SCC Dr. Sweetland to any

6   affirmative act(s) or omission(s) that demonstrate a violation of Plaintiff's federal rights such that

7   they should be dismissed from this action.

8       **D.      Claims for Relief**

9           1. *8ᵗʰ Amendment/Cruel & Unusual Punishment*
               *Deliberate Indifference to Serious Medical Needs*

10

11      Plaintiff alleges that he did not receive timely and/or appropriate treatment both times he

    was bitten by varmints.

12

13      To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

    conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman,

14  452 U.S. 337, 347 (1981).  A prisoner's claim of inadequate medical care does not rise to the

15  level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of

16  the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with

17  deliberate indifference in doing so.'"  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004)

18  (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison

19  official does not act in a deliberately indifferent manner unless the official "knows of and

20  disregards an excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 834

21  (1994).  Deliberate indifference may be manifested "when prison officials deny, delay or

22  intentionally interfere with medical treatment," or in the manner "in which prison physicians

23  provide medical care."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on

24  other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

25  "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th

26  Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from

27  which the inference could be drawn that a substantial risk of serious harm exists,' but that person

28

5

1  'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison

2  official should have been aware of the risk, but was not, then the official has not violated the

3  Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe,

4  Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

5       "A difference of opinion between a prisoner-patient and prison medical authorities

6  regarding treatment does not give rise to a s 1983 claim." Franklin v. Oregon, 662 F.2d 1337,

7  1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course

8  of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . .

9  that they chose this course in conscious disregard of an excessive risk to plaintiff's health."

10 Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

11      Where a prisoner is alleging a delay in receiving medical treatment, the delay must have

12 led to further harm in order for the prisoner to make a claim of deliberate  indifference to serious

13 medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison

14 Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

15      In his first claim, Plaintiff alleges that: on April 24, 2004, at approximately 2:30 a.m.,

16 while housed in ASP's Ad-Seg, he was bitten by a rat; he caught two mice in his cell and gave it

17 to Lt. Smith, who was to submit them for disease testing; Lt. Smith refused to allow Plaintiff to

18 submit for medical treatment regarding the rat bite, until Plaintiff filled out a medical request

19 form; and after 12:00 p.m., Nurse Smoyer (not a named defendant) gave Plaintiff a tetanus shot.

20 In this claim Plaintiff alleges violation of his constitutional rights by MTA Harbinson refusing to

21 treat Plaintiff, and Lt. Smith refusing to submit the captured varmints for disease testing.

22      Plaintiff fails to link MTA Harbinson to a constitutional violation other than to state the

23 conclusion that MTA Harbinson refused to treat him. Plaintiff fails to show that MTA

24 Harbinson was deliberately indifferent to his serious medical need. Thus, Plaintiff fails to state a

25 cognizable claim against MTA Harbinson.

26      As to Lt. Smith, there is no constitutional mandate that a prison employee must submit

27 vermin, caught by a prisoner, for disease testing. Failure to do so does not amount to cruel and

28 unusual punishment or deliberate indifference to Plaintiff's serious medical needs. Thus,

6

1    Plaintiff fails to state a cognizable claim against Lt. Smith.

2         In his third claim, Plaintiff alleges that: on April 23, 2005, he was bitten by a mouse/rat

3    while in Ad-Seg; over the course of being transferred and seeking medical attention, his

4    symptoms changed such that he experienced back pain and noticed swelling of his tongue, feet

5    and hands; and while at SCC, he was evaluated by several doctors who refused to have him taken

6    to an off-site specialist.  A difference of opinion between medical personnel regarding treatment

7    does not amount to deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

8         Plaintiff has not sufficiently alleged that any of the named defendants "[knew] of and

9    disregard[ed] an excessive risk to [plaintiff's] health or safety."  Farmer v. Brennan, 511 U.S. at

10   837.  Further, Plaintiff fails to link any defendants to his claims while at SCC.

### 2. *14th Amendment/Due Process & Prisoner Grievances*

12        Plaintiff alleges that Grazier failed to appropriately process his prisoner grievances.

13        The Due Process Clause protects prisoners from being deprived of liberty without due

14   process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of

15   action for deprivation of due process, a plaintiff must first establish the existence of a liberty

16   interest for which the protection is sought.  "States may under certain circumstances create liberty

17   interests which are protected by the Due Process Clause."  Sandin v. Conner, 515 U.S. 472, 483-

18   84 (1995).  Liberty interests created by state law are generally limited to freedom from restraint

19   which "imposes atypical and significant hardship on the inmate in relation to the ordinary

20   incidents of prison life."  Sandin, 515 U.S. at 484.

21        "[A prison] grievance procedure is a procedural right only, it does not confer any

22   substantive right upon the inmates."  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993)

23   (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza,

24   334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no

25   entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir.

26   2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams,

27   855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise to a protected liberty interest

28   requiring the procedural protections envisioned by the Fourteenth Amendment."  Azeez v.

1    DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

2         Actions in reviewing prisoner's administrative appeal cannot serve as the basis for

3    liability under a § 1983 action. Buckley, 997 F.2d at 495.  The argument that anyone who knows

4    about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is

5    not correct. "Only persons who cause or participate in the violations are responsible. Ruling

6    against a prisoner on an administrative complaint does not cause or contribute to the violation. A

7    guard who stands and watches while another guard beats a prisoner violates the Constitution; a

8    guard who rejects an administrative complaint about a completed act of misconduct does not."

9    George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) citing Greeno v. Daley, 414 F.3d 645,

10   656-57 (7th Cir.2005); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir.1999); Vance v. Peters,

11   97 F.3d 987, 992-93 (7th Cir.1996).

12        Plaintiff fails to allege infringement of a protected liberty interest, as he has no

13   entitlement to a specific grievance procedure.  Thus, Plaintiff is unable to state a cognizable

14   claim for violation of his right to procedural due process against Grazier.

15                    **3.  *Supervisorial Liability***

16        Plaintiff names supervisorial defendants: Governor Arnold Schwarzenegger; Acting ASP

17   Warden, Brad Espinosa; Chief ASP Medical Officer R. Davis; Lieutenant Smith; ASP Appeals

18   Coordinator Grazier; SCC Warden Matthew C. Kramer; and Chief SCC Medical Officer's St.

19   Clair and Greenough.

20        Supervisory personnel are generally not liable under section 1983 for the actions of their

21   employees under a theory of respondeat superior and, therefore, when a named defendant holds a

22   supervisorial position, the causal link between him and the claimed constitutional violation must

23   be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.

24   Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim

25   for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some

26   facts that would support a claim that supervisory defendants either: personally participated in the

27   alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent

28   them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation

                                                      8

1    of constitutional rights' and is 'the moving force of the constitutional violation.'" <u>Hansen v.</u>

2    <u>Black</u>, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); <u>Taylor v. List</u>, 880 F.2d

3    1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be

4    alleged to support claims under section 1983.  <u>See</u> <u>Leatherman v. Tarrant County Narcotics Unit</u>,

5    507 U.S. 163, 168 (1993).

6        Plaintiff failed to allege that Governor Arnold Schwarzenegger; Acting ASP Warden,

7    Brad Espinosa; Chief ASP Medical Officer R. Davis; Lieutenant Smith; ASP Appeals

8    Coordinator Grazier; SCC Warden Matthew C. Kramer; and Chief SCC Medical Officer's St.

9    Clair and Greenough personnel personally participated in the alleged deprivation of

10   constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or

11   "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights'

12   and is 'the moving force of the constitutional violation.'" <u>Hansen v. Black</u> at 646.  Thus,

13   Plaintiff failed to state a cognizable claim against Governor Arnold Schwarzenegger; Acting

14   ASP Warden, Brad Espinosa; Chief ASP Medical Officer R. Davis; Lieutenant Smith; ASP

15   Appeals Coordinator Grazier; SCC Warden Matthew C. Kramer; and Chief SCC Medical

16   Officer's St. Clair and Greenough such that they should be dismissed from this entire action.

17   **II.    CONCLUSION**

18       For the reasons set forth above, Plaintiff's amended complaint is dismissed, with leave to

19   file a second amended complaint within thirty days.  If Plaintiff needs an extension of time to

20   comply with this order, Plaintiff shall file a motion seeking an extension of time no later than

21   thirty days from the date of service of this order.

22       Plaintiff must demonstrate in his complaint how the conditions complained of have

23   resulted in a deprivation of Plaintiff's constitutional rights.  <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227

24   (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is

25   involved.  There can be no liability under section 1983 unless there is some affirmative link or

26   connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423

27   U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588

28   F.2d 740, 743 (9th Cir. 1978).

1    Plaintiff is reminded that Fed.R.Civ.P. 18(a) provides that "'[a] party asserting a claim to

2  relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as

3  independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has

4  against an opposing party.'  Thus, multiple claims against a single party are fine, but Claim A

5  against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated

6  claims against different defendants belong in different suits, not only to prevent the sort of

7  morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners

8  pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of

9  frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28

10  U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

11    Plaintiff is advised that it is inappropriate to attach exhibits to a complaint. See Rule 8,

12  Federal Rules of Civil Procedure.  Further, the Court cannot serve as a repository for the parties'

13  evidence.  Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.)

14  should not be submitted until the course of litigation brings the evidence into question (for

15  example, on a motion for summary judgment, at trial, or when requested by the court).   At this

16  point, the submission of evidence is premature as Plaintiff is only required to state a prima facie

17  claim for relief.  Thus, in amending his complaint, Plaintiff should simply state the facts upon

18  which he alleges a defendant has violated his constitutional rights and refrain from submitting

19  exhibits.

20    Finally, Plaintiff is advised that Local Rule 15-220 requires that an amended complaint be

21  complete in itself without reference to any prior pleading.  As a  general rule, an amended

22  complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

23  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in

24  the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the

25  involvement of each defendant must be sufficiently alleged.

26    Based on the foregoing, it is HEREBY ORDERED that:

27    1.    Plaintiff's complaint is dismissed, with leave to amend;

28    2.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

10

3.     Within **thirty (30) days** from the date of service of this order, Plaintiff must file a second amended complaint curing the deficiencies identified by the Court in this order; and

4.     If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

**Dated:   July 10, 2008**                         _/s/ Sandra M. Snyder_
                                                UNITED STATES MAGISTRATE JUDGE