KM

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Robert Maeshack, | ) | No. CV 1-06-1025-GMS |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Dr. Greenough, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff Robert Maeshack, who is confined in the Pleasant Valley State Prison, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff filed a First Amended Complaint (Doc. #7), which the Court dismissed with leave to amend.

Plaintiff filed a Second Amended Complaint (Doc. #11). On November 25, 2008, this action was re-assigned to the undersigned Judge. The Court will dismiss the Second Amended Complaint and this action.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the

allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  Plaintiff's Second Amended Complaint will be dismissed without leave to amend because further amendment would be futile.

## II.    Second Amended Complaint

Plaintiff names the following individuals, who are employed at Avenal State Prison, as Defendants in the Second Amended Complaint: MTA H. Harbinson, Correctional Counselor II G. Grazier, Correctional Lieutenant Smith, and Dr. Weed.  Plaintiff also names Dr. McIntyre, who is employed at Sierra Conservation Center.

Plaintiff raises five claims for relief in the Second Amended Complaint:

(1)   On April 23, 2004, Plaintiff was bitten by a mouse or rodent and Defendant Harbinson refused to provide Plaintiff with medical treatment, in violation of the Eighth Amendment;

(2)   Defendant Grazier violated Plaintiff's Fourteenth Amendment rights by attempting to "cover up the complaint Plaintiff made against MTA Harbinson";

(3)   Defendant Smith violated Plaintiff's Eighth Amendment rights when he failed to act after Plaintiff informed him of a rodent infestation;

(4)   On May 8, 2004, Defendant Weed violated Plaintiff's Eighth Amendment rights when he failed to provide Plaintiff with medical treatment; and

(5)   On December 13, 2005, Plaintiff McIntyre violated Plaintiff's Eighth Amendment rights when he failed to provide Plaintiff with medical treatment.

Plaintiff seeks money damages and injunctive relief.

## III.    Failure to State a Claim

### A.    Counts One, Four, and Five

To maintain a claim under the Eighth Amendment based on prison medical treatment, a prisoner must show deliberate indifference to serious medical needs.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health.  Farmer v. Brennan, 511 U.S.

825, 837 (1994).  The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. Id.  This subjective approach focuses upon the mental attitude of the defendant.  Id. at 839.

"Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  In the medical context, deliberate indifference may be shown by (1) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (2) harm caused by the indifference.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle, 429 U.S. at 104).

Medical malpractice or negligence is insufficient to establish a violation.  Toguchi, 391 F.3d at 1060.  Thus, mere negligence in diagnosing or treating a condition does not violate the Eighth Amendment.  Toguchi, 391 F.3d at 1057.  Also, an inadvertent failure to provide adequate medical care alone does not rise to the Eighth Amendment level.  Jett, 429 F.3d at 1096.  A difference in medical opinion also does not amount to deliberate indifference.  Toguchi, 391 F.3d at 1058.  To prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course was medically unacceptable under the circumstances and was chosen in conscious disregard of an excessive risk to the prisoner's health.  Id.

Plaintiff has not alleged facts sufficient to state an Eighth Amendment medical claim in Counts One, Four, or Five.  Plaintiff has failed to provide information about the nature and severity of his injuries and it is therefore impossible for the Court to determine whether Plaintiff was denied treatment for serious medical needs.  Further, Plaintiff has failed to describe what injury, if any, resulted from Defendants' failure to provide him with medical care.  The Court will dismiss Counts One, Four, and Five for failure to state a claim.

## B.    Count Two

In Count Two, Plaintiff claims that Defendant Grazier attempted to "cover up the complaint Plaintiff made against [Defendant] Harninson, in violation of the Fourteenth Amendment."  Although pro se pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519 (1972), conclusory and vague allegations will not support a cause of action.  Ivey v.

1  Board of Regents of the University of Alaska, 673 F.2d 266 (9th Cir. 1982); Rhodes v.

2  Robinson, 612 F.2d 766, 772 (3d Cir. 1979).

3       Plaintiff's allegations in Count Two are vague at best.  Plaintiff has not described

4  what Defendant Grazier did to "cover up" Plaintiff's complaint, nor has he alleged what

5  injury resulted from the attempt to "cover up" the complaint.  Moreover, an inmate has no

6  free-standing constitutional right to a grievance process.  In Mann v. Adams, 855 F.2d 639,

7  640 (9th Cir. 1988), the Ninth Circuit held that a prisoner does not have a protected liberty

8  interest in prison grievance procedures.  Other circuits have held similarly.  See Antonelli v.

9  Sheahan, 81 F.3d 1422, 1430 (7th Cir.1996); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994);

10  Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991).  Without a liberty interest, Plaintiff has no

11  procedural due process rights at stake.  Accordingly, Defendant Grazier's failure to follow

12  grievance procedures or improper handling of Plaintiff's complaint does not constitute a

13  violation of Plaintiff's due process rights.  Count Two will be dismissed for failure to state

14  a claim.

15       **C.**    **Count Three**

16       Under the Eighth Amendment, punishment may not be "barbarous" nor may it

17  contravene society's "evolving standards of decency."  Rhodes v. Chapman, 452 U.S. 337,

18  346 (1981).  Only deprivations denying the minimal civilized measure of life's necessities

19  are sufficiently grave for an Eighth Amendment violation.  Johnson v. Lewis, 217 F.3d 726,

20  731 (9th Cir. 2000) (quotation omitted).  These are "deprivations of essential food, medical

21  care, or sanitation" or "other conditions intolerable for prison confinement."  Rhodes, 452

22  U.S. at 348.  To determine whether a violation has occurred, a Court should consider the

23  circumstances, nature and duration of a deprivation of these necessities.  Johnson, 217 F.3d

24  at 731.  "The more basic the need, the shorter the time it can be withheld."  Hoptowit v. Ray,

25  682 F.2d 1287, 1259 (9th Cir. 1982).

26       An Eighth Amendment claim also requires a sufficiently culpable state of mind by the

27  Defendants, known as "deliberate indifference."  Farmer, 511 U.S. at 834.  To act with

28  deliberate indifference, a prison official must both know of and disregard an excessive risk

1   to inmate health; the official must both be aware of facts from which the inference could be

2   drawn that a substantial risk of serious harm exists and he must also draw the inference.  Id.

3   at 837.

4          In Count Three, Plaintiff claims only that he informed Defendant Smith of a rodent

5   infestation, and that Defendant Smith failed to act.  Plaintiff has not provide details about the

6   severity or length of the infestation, nor has he described specific injuries resulting from

7   Defendant Smith's failure to act.  Further, Plaintiff has not alleged facts demonstrating that

8   Defendant Smith was deliberately indifferent because Plaintiff does not allege that Defendant

9   Smith was aware of an excessive risk to inmate health resulting from the rodents.  The Court

10  will dismiss Count Three for failure to state a claim.

11         **D.     State Law Claims**

12         To the extent  Plaintiff alleges that Defendants violated provisions of California State

13  law, § 1983 only provides a cause of action against persons acting under color of state law

14  who have violated rights guaranteed by the United States Constitution and federal law.  42

15  U.S.C. § 1983; see also Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995).

16  Section 1983 does not provide a cause of action for violations of state law or state

17  constitutional rights.  Ybarra v. Bastian, 647 F.2d 891, 892 (9th Cir. 1981).

18         To the extent that Plaintiff intends to invoke the Court's supplemental jurisdiction

19  over these claims, the Court notes that it has dismissed all of Plaintiff's federal law claims.

20  The Court will therefore decline to exercise supplemental jurisdiction over Plaintiff's state

21  law claims.  See  Gini v. Las Vegas Metro. Police Dept., 40 F.3d 1041, 1046 (9th Cir. 1994)

22  (When federal law claims are eliminated before trial, the court generally should decline

23  jurisdiction over state law claims and dismiss them without prejudice).

24  **IV.    Dismissal without Leave to Amend**

25         Leave to amend need not be given if a complaint as amended is subject to dismissal.

26  Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989).  The Court's

27  discretion to deny or grant leave to amend is particularly broad where Plaintiff has previously

28  been permitted to amend his complaint.  See Sisseton-Wahpeton Sioux Tribe v. United

1    States, 90 F.3d 351, 355 (9th Cir. 1996).  Moreover, where amendment would be futile, there

2    is no reason to prolong litigation by allowing further amendments.  Lipton v. Pathogenesis

3    Corp., 284 F.3d 1027, 1039 (9th Cir.2002); Klamath-Lake Pharmaceutical Ass'n v. Klamath

4    Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir.1983) (futile amendments should not be

5    permitted).

6            The Court finds that in light of Plaintiff's previous attempts to amend his claims, any

7    further amendment would be futile.  The Court will therefore dismiss the Second Amended

8    Complaint and this action without leave to amend.

9    **IT IS ORDERED:**

10           (1)    The Second Amended Complaint (Doc. #11) is **dismissed** for failure to state

11   a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment

12   accordingly.

13           (2)    The Clerk of Court must make an entry on the docket stating that the dismissal

14   for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

15           DATED this 16th day of January, 2009.

16

17   _____
                     G. Murray Snow
18                 United States District Judge

19

20

21

22

23

24

25

26

27

28

- 6 -